**UNITED STATES of America,**
**Appellee,**

v.

**John SURGENT, Defendant–Appellant.**

Nos. 06–2391–cr, 06–4140–cr.

United States Court of Appeals,
Second Circuit.

May 15, 2008.

Roger J. Schwartz, New York, NY, for Defendant–Appellant.

Paul Schoeman, Assistant United States Attorney (Emily Berger and Suzanne McDermott, Assistant United States Attorneys, on brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA A. LIVINGSTON, Circuit Judges, and Hon. LOUIS F. OBERDORFER, District Judge.*

## SUMMARY ORDER

Surgent appeals from the July 25, 2006 judgment of the district court sentencing him principally to fourteen years' imprisonment and ordering restitution in the approximate amount of $2 million. We assume the parties' familiarity with the facts and proceedings in the district court.

"[T]he trial court's discretion to decide whether newly discovered evidence warrants a new trial is broad because its vantage point as to the determinative factor—whether newly discovered evidence would have influenced the jury—has been informed by the trial over which it presided." *United States v. Stewart*, 433 F.3d 273, 296 (2d Cir.2006) (citing *United States v. Gambino*, 59 F.3d 353, 364 (2d Cir. 1995)). In reviewing denials of motions for new trial, this Court "will not disturb the district court's findings of fact unless clearly erroneous, and we will not overturn the district court's decision unless it abused its discretion." *United States v. Spencer*, 4 F.3d 115, 119 (2d Cir.1993).

■ Surgent argues that he is entitled to a new trial because the government's witness, Peter Melley, perjured himself when he incorrectly stated the market loss amount stemming from the securities fraud. When a party requests a new trial on the basis of perjury, the threshold inquiry is whether the witness did in fact perjure himself. *See United States v. White*, 972 F.2d 16, 20 (2d Cir.1992). Perjury requires a showing that a witness gave "false testimony concerning a material matter with the willful intent to provide false testimony, ... [s]imple inaccuracies or inconsistencies in testimony do not rise to the level of perjury." *United States v. Monteleone*, 257 F.3d 210, 219 (2d Cir. 2001). Melley's incorrect statement of the market loss amount was discovered and revised numbers were provided to the court, in advance of sentencing. There is no evidence on which we might conclude that the misstatement was intentional, or that it came about through anything other than a mathematical error. Because Melley's statement was a simple inaccuracy, the district court's finding that Melley's testimony was not perjurious is not clearly erroneous.

■ Even assuming that Melley's statement was in fact perjury, a new trial would not be warranted unless the statement was material. In considering a motion for a new trial based on false evidence, there are two different standards for demonstrating materiality with different burdens on the defendant depending upon the government's knowledge of the false evidence. "Where the prosecution knew or should have known of the perjury, the conviction must be set aside 'if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'" *United States v. Wallach*, 935 F.2d 445, 456 (2d Cir.1991) (quoting *Per-*

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

kins v. LeFevre, 691 F.2d 616, 619 (2d Cir.1982)). "Where the government was unaware of a witness' perjury, however, a new trial is warranted only if the testimony was material and 'the court [is left] with a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted.'" Id. (quoting Sanders v. Sullivan, 863 F.2d 218, 226 (2d Cir.1988)).

Surgent argues that the district court erred in not considering the motion for a new trial under the standard requiring a lower burden for demonstrating materiality that applies when the prosecution knowingly presents false testimony. Surgent asserts that the lower burden should apply in this case because the government knew, or should have known, of Melley's false statement from its efforts in preparing Melley to testify at trial and its reliance on his testimony at trial. As an alternative to this argument, Surgent contends that Melley's false statement should be imputed to the government because of his role in the prosecution. Both arguments fail. The district court was not incorrect in its determination that "this case does not involve the sort of prosecutorial misconduct that can lower a defendant's materiality burden in seeking a new trial."

Although this court has not specifically ruled whether the principle that imputes false testimony to the government may be applied in the context of motions for a new trial based on perjury, see Stewart, 433 F.3d at 297–98, we need not reach the issue here because Melley did not act as a member of the prosecution team. In determining whether a person is an arm of the prosecutor, "the relevant inquiry is what the person did, not who the person is." Id. at 298 (emphasis in original). Melley's involvement with the prosecution was limited to a review of the documents maintained by the National Association of Securities Dealers and related testimony. Melley had a limited number of meetings with the government in preparation for his testimony, and he was not involved with the development of the prosecution as a whole.

Applying the more rigorous standard for determining whether to grant a new trial, Surgent has not met, nor can he meet, his burden of demonstrating materiality. The district court did not err in finding that the false statement did not affect the jury's verdict. At trial, there was an overwhelming amount of evidence presented demonstrating Surgent's role in the scheme. The market loss calculation was not an element of the crimes charged, and it was not emphasized at trial. There is no basis on which to conclude that the statement of the market loss contributed to the jury's finding of guilt.

For the foregoing reasons, we find that the district court did not abuse its discretion in denying Surgent's motion for a new trial. The judgment of the district court is **AFFIRMED.**